EUGENE RYU (SBN 209104)
Gene.Ryu@klgates.com
CARTER L. NORFLEET (SBN 318152)
Carter.Norfleet@klgates.com
**K&L GATES LLP**
10100 Santa Monica Blvd, 8th Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

Attorneys for Defendant LABORATORY
CORPORATION OF AMERICA HOLDINGS

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODEL BECARES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LABORATORY CORPORATION OF AMERICA, a Delaware stock corporation; and DOES 1-30 inclusive,<br><br>Defendants. | Case No. **'25CV2870 TWR MMP**<br><br>**DEFENDANT LABORATORY CORPORATION OF AMERICA HOLDINGS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>(San Diego County Superior Court, Case No. 25CU050674C)<br><br>Complaint Filed: September 22, 2025 |

1603529967.2

**TO THE CLERK OF THE COURT:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Laboratory Corporation of America Holdings (incorrectly named as "Laboratory Corporation of America") ("Labcorp" or "Defendant"), by its undersigned attorneys, hereby removes the above-entitled action filed by Rodel Becares ("Plaintiff") in the Superior Court of the State of California, County of San Diego, Case No. 25CU050674C (the "State Court Action"), to the United States District Court for the Southern District of California. This Court has diversity jurisdiction over Plaintiff's lawsuit pursuant to 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## I. PROCEDURAL BACKGROUND

1. On September 22, 2025, Plaintiff filed his complaint against Labcorp in the State Court Action (the "Complaint").

2. On September 23, 2025, Plaintiff served Labcorp with a copy of the summons and Complaint, Stipulation to Use Alternative Dispute Resolution ("ADR"), Notice of Case Assignment and Case Management Conference (Civil), and ADR Information packet.

3. On October 22, 2025, Labcorp filed an Answer to the Complaint in the State Court Action and served the same on Plaintiff's counsel.

4. **Exhibit A** constitutes true and correct conformed copies of all process, pleadings, and orders served on Labcorp and/or in the State Court Action. *See* 28 U.S.C. § 1446(a).

## II. THIS COURT HAS DIVERSITY JURISDICTION OVER THIS MATTER

### A. Plaintiff is a Citizen of California

5. To establish citizenship for diversity purposes, a natural person must be both (a) a citizen of the United States and (b) a domiciliary of one particular state.

1603529967.2

*Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is prima facie evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

6.      Here, the Complaint alleges: "Plaintiff is, and at all times relevant times was, an adult male residing in California." (Complaint ¶ 1). Accordingly, Plaintiff is a citizen of the State of California.

**B.      Defendant is Not a Citizen of California**

7.      For diversity purposes, a corporation is deemed to be a citizen of the state in which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. §1332(c)(1). The term "principal place of business" in the federal diversity jurisdiction statute refers to the "nerve center" of the corporation, which has been defined as "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . [which] in practice . . . should normally be the place where the corporation maintains its headquarters - - provided that the headquarters is the actual center of direction, control, and coordination . . . and not simply an office where the corporation holds its board meetings." *Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010). "A professional corporation is to be treated like other corporations for purposes of determining the presence or absence of diversity jurisdiction." *Mueller v. Clarke*, 2020 U.S. Dist. LEXIS 178261, *3 (C.D. Cal. 2020) (citing *Hamil v. DePuy Orthopaedics, Inc.*, 2013 U.S. Dist. LEXIS 86541 *3 (C.D. Cal. 2013) [quoting *Cote v. Wadel*, 796 F.2d 981, 983 (7th Cir. 1986)]).

8.      The sole defendant named and served in this action is Labcorp.

9.      Labcorp is incorporated under the laws of the State of Delaware. Labcorp was, at the time the State Court Action was filed, and still is at the time of the filing of this Notice of Removal, a duly formed Delaware corporation in good standing under the name "Laboratory Corporation of America Holdings." Thus, Labcorp is a citizen of Delaware, based on its place of incorporation.

10.      At the time the State Court Action was filed and at the time of filing of

1603529967.2

3

this Notice of Removal, Labcorp's corporate headquarters and principal place of business was, and still is, Burlington, North Carolina. Labcorp's executives direct, control and coordinate the corporation's activities from Labcorp's headquarters in Burlington, North Carolina. *See Hertz Corp.*, 130 U.S. at 1192-93 (the principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities"). Thus, Labcorp is a citizen of North Carolina, based on its principal place of business.

11. For purposes of diversity of citizenship, Plaintiff is a citizen of California, and Labcorp is a citizen of Delaware and North Carolina.

12. Therefore, complete diversity of citizenship exists between Plaintiff and Defendant, pursuant to 28 U.S.C. § 1332.

**C.    The Amount in Controversy Exceeds $75,000**

13. This action is a civil action wherein the amount in controversy exceeds $75,000, exclusive of interest and costs, and accordingly, this Court has original jurisdiction under 28 U.S.C. §§ 1332(a).

14. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Labcorp can establish the amount in controversy by the allegations in the Complaint, or by setting forth facts in this Notice of Removal that demonstrate that the amount placed in controversy by Plaintiff exceeds the jurisdictional minimum. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). The District Court may consider whether it is facially apparent from the Complaint that the jurisdictional amount is in controversy. *Id*. Therefore, Labcorp only needs to show that there is "a reasonable probability that the stakes exceed" $75,000. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). Labcorp need not provide this Court with "proof" or "evidence" that Plaintiff will recover more than $75,000; rather, removal is proper as long as the amount in controversy can be met. *See id.* at

1603529967.2

4

448-49.

15.    The amount in controversy for purposes of diversity jurisdiction is the total "amount at stake in the underlying litigation." *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005).  Moreover, "the amount in controversy is simply an *estimate* of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'n, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (emphasis added). "In assessing the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (citations omitted).  The ultimate inquiry is what amount is put "in controversy" by the Complaint, not what the defendant will actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

16.    Plaintiff's Complaint alleges five (5) causes of action against Labcorp. Four of these claims arise under the California Fair Employment and Housing Act ("FEHA") for discrimination (racial and sexual orientation), wrongful termination, and failure to prevent discrimination. Plaintiff also alleges unfair competition pursuant to Business & Professions Code §§ 17200 et seq. (Complaint ¶ 51-55).

17.    Here, the $75,000 minimum amount in controversy is clearly met. *See Jackson v. American Bankers Ins. Co.*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997) ("[t]he appropriate measure [of the amount in controversy] is the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint"); *see also Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (amount in controversy is based on assumption that plaintiff prevails on all claims)

18.    **Back Pay.**  Plaintiff alleges that he was discriminated against because of his race and sexual orientation in violation of the FEHA, and wrongfully

1603529967.2

5

terminated in violation of public policy. (*See* Complaint ¶¶ 23-44). If his claims are successful, Plaintiff would be entitled to an award of back pay. *See Parker v. Twentieth Century–Fox Film Corp.*, 3 Cal. 3d 176, 181 (1970) (prevailing plaintiffs in employment termination case are generally entitled to back pay in the amount that they would have received but for the termination). While Plaintiff did not provide a specific dollar amount for these claims, assuming, conservatively, that this matter is resolved through trial in 12 months, Plaintiff would be entitled to no less than two years and seven months' (approximately 137 weeks) worth of back pay and benefits[1]. At the time his employment ended, Plaintiff was a full-time employee scheduled to work 40 hours per week and earning $24.05 per hour, which amounts to **$131,794.00** in back pay alone[2]. (Declaration of Michelle Townsend ["Townsend Decl."] ¶ 3). This calculation does not include lost employment benefits, which Plaintiff seeks as well. (*See* Complaint ¶¶ 27, 35, 43, 49, Prayer for Relief). Thus, Plaintiff's alleged back pay alone is sufficient to satisfy the amount in controversy of more than $75,000 necessary for diversity jurisdiction.

19. **Front Pay**. While any award of front pay is highly speculative, courts that have awarded such damages in FEHA cases have held that a plaintiff could receive at least two years of front pay. *See Horsford v. Board of Trustees of Calif. State Univ.* 132 Cal. App. 4th 359, 388-89 (2005). Therefore, Plaintiff could potentially recover another **$100,048.00**[3] in front pay alone, which is more than the $75,000 necessary for diversity jurisdiction.

20. **Attorneys' Fees.** Further, Plaintiff has also demanded attorney's fees

---

[1] Plaintiff's Complaint alleges his employment was terminated on March 7, 2024. (*See* Complaint ¶ 17). Assuming this matter is resolved through trial within one year of this removal being filed, Plaintiff will have been out of work for approximately two years and seven months or approximately 137 weeks.

[2] $24.05 x 40 hours/week x 137 weeks (2 years and 7 months) = $131,794.00.

[3] $24.05 x 40 hours/week x 104 weeks (two years) = $100,048.00.

1603529967.2

for his FEHA claims.  (Complaint "Prayer for Relief"). Attorneys' fees may be awarded to a prevailing plaintiff in a FEHA action.  *See* Cal. Gov't Code § 12965(b); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (where attorneys' fees are allowed by statute, they are considered as part of the amount in controversy calculation); *Silo v. CHW Med. Found.*, 27 Cal. 4th 1097, 1102 (2002) (award of $155,245.75 in attorney fees in a FEHA related lawsuit).  This calculation also includes all attorneys' fees likely to be incurred through trial of an action.  *See Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018). One district court in California has opined that a reasonable hourly rate for an attorney would be at least $300 and a reasonable number of hours would be at least 100–300 hours. *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 WL 898468, at *1 (C.D. Cal. Mar. 3, 2015). Those assumptions would lead to an attorneys' fee award of between **$30,000 and $90,000**.  *See id.*  If Plaintiff litigated this case through trial and prevailed, it is reasonable to assume that the recovery of fees itself would exceed $75,000.

21.    **Emotional Distress Damages:** Plaintiff alleges he has suffered emotional distress damages. (Complaint ¶¶ 27, 36, 49 42, 51, "Prayer for Relief"). A prevailing plaintiff in a wrongful discharge action is entitled to seek damages for emotional distress. *See Gantt v. Sentry Insurance*, 1 Cal. 4th 1083, 1098-1101 (1992) (overruled on other grounds by *Green v. Ralee Eng'g Co.*, 19 Cal. 4th 66, 90 (1998)). The emotional distress component of Plaintiff's alleged damages must be considered in determining whether the amount in controversy requirement has been established. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). A defendant may use damage awards in other cases to establish that the amount in controversy exceeds $75,000. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002). Juries in California have awarded well in excess of $75,000 for emotional distress damages in discrimination and wrongful termination cases, like this one. *See, e.g., Bradley v. Department of Corrections & Rehabilitation*, 158 Cal. App. 4th 1612,

1603529967.2

7

1618 (2008) (awarding a single plaintiff $300,000 in non-economic damages); *Roby v. McKesson*, 47 Cal. 4th 686, 699 (2009) (awarding a single plaintiff $1,600,000 in non-economic damages for three separate counts of wrongful termination (later reduced by stipulation to $800,000) . . .); *Wang v. Reese Scientific Corp.*, Case No. CGC-13-528233, San Francisco Superior Court (June 9, 2014) (Hon. Garrett L. Wong) (awarding plaintiff $166,302 for emotional distress damages on claims including discrimination and wrongful termination). Thus, if Plaintiff is able to prove his claims at trial, it is reasonable to conclude that he will seek, and a jury may award, in excess of $75,000 for emotional distress damages alone.

22.     Based on the foregoing, there is ample evidence that the amount in controversy, based on the totality of Plaintiff's claims and prayer for relief, significantly exceeds $75,000. *See White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) ("the lengthy list of compensatory and punitive damages sought by [the plaintiff], when combined with attorneys' fees demonstrated that the amount in controversy exceeded $75,000").

23.     Therefore, removal is appropriate and proper.

## III.     JURISDICTION AND VENUE

24.     **The Removal Venue is Proper.** Venue lies in the Southern District of California pursuant to 28 U.S.C. §§ 1441(a) and 1446(a). This action was originally brought within a county encompassed by the Southern District of California – the Superior Court of the State of California, County of San Diego.

25.     **The Removal is Timely.** Plaintiff served the Complaint on Labcorp on September 23, 2025. Pursuant to 28 U.S.C. 1446(b) and Federal Rules of Civil Procedure 6 and 81(c), Labcorp has timely filed this Notice of Removal within 30 days of service of the Complaint.

26.     **Defendants Have Sufficient Consent.** Labcorp is not required to investigate the identity of the unnamed defendants nor to obtain their consent for removal. *See Necombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); 28

1603529967.2

8

U.S.C. § 1441(a). In any event, to the best of Labcorp's knowledge, no Doe defendant has been served. Labcorp is not required to obtain consent to remove from defendants who have not been served. *See Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984), superseded by statute on other grounds as stated in *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 (9th Cir. 1988).

## IV.    **NOTICE OF  REMOVAL**

27.    Pursuant to Local Rule 40.2 and Federal Rule of Civil Procedure 7.1, a Notice of Parties with Financial Interest and Corporate Disclosure Statement are being filed concurrently with this Notice of Removal.

28.    As required by 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Southern District of California, Labcorp is providing written notice of the filing of this Notice of Removal to Plaintiff, and is filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, in and for the County of San Diego.

## V.    **CONCLUSION**

29.    Based on the foregoing, this Court has jurisdiction over this action under the provisions of 28 U.S.C. Section 1332, in that this action involves a controversy which exceeds the value of $75,000.00, exclusive of interest and costs, and is between citizens of different States.  Accordingly, this action is properly removed to this Court pursuant to the provisions of 28 U.S.C. Sections 1441 and 1446.

Dated:        October 23, 2025

By:*/s/ Carter L. Norfleet*
Eugene Ryu
Carter L. Norfleet

K&L GATES LLP
Attorneys for Defendant Laboratory Corporation of America

1603529967.2

9